OPINION OF THE COURT
William J. Regan, S.
The surviving executor of the last will and testament of Thomas W. Doran has petitioned this court for the judicial settlement of his accounts, requesting therein that the balance of cash on hand remaining after the payment of all the administration expenses be paid to the Internal Revenue Service as the first priority creditor pursuant to SCPA 1811.
The petitioner alleges in his application for judicial settlement that the Internal Revenue Service filed on March 30, 1977 a proof of claim against the estate of Thomas W. Doran for unpaid income taxes, including penalties and interest, in the amount of $2,830,917.94. The estate has been, at all times, unable, and continues to be unable, to pay and satisfy such claim.
It appears that prior to the death of Thomas W. Doran, a parcel of property, commonly known as 296 Connecticut Street, Buffalo, New York, was conveyed by said Thomas W. Doran to Cam-Am Press Corporation. The District Director of the Internal Revenue Service maintained that *798 this was a fraudulent transfer and filed a notice of Federal tax lien. Subsequent to the death of Mr. Doran, Cam-Am Press Corporation conveyed the property to the estate of Thomas W. Doran. The petitioner actively sought to sell said property and, in fact, entered a contract of sale, but was unable to consummate same. It appears further that there is approximately $24,000 in unpaid real estate tax liens against said property and a tax foreclosure proceeding is in process.
The premises known as 296 Connecticut Street, City of Buffalo, became in such disrepair that the City of Buffalo, through its emergency powers, issued a directive for its demolition. The parties hereto appeared before the Honorable H. Buswell Roberts, Buffalo City Court Judge, wherein an order of demolition was issued upon the consent by all parties. The court has been advised that the property has been demolished and the cost of said demolition is approximately $80,000.
The City of Buffalo maintains that the demolition cost incurred is an “administration expense” under SCPA 1811 (subd 1) and, therefore, is entitled to priority to the asserted lien of the United States Internal Revenue Service. It is unfortunate that this matter could not have been compromised by the two governments taking into consideration the City of Buffalo’s responsibility and duty to provide its constituents freedom from injury which may have resulted if the building were permitted to remain in a state of disrepair.
The court must, however, decide the priority of the two creditors according to existing law and, therefore, directs that the executor pay to the United States Internal Revenue Service any and all moneys remaining after the payment of all administration expenses, including executor’s commissions and attorneys’ fees, on the basis that it is the first and prior creditor entitled to said payments under SCPA 1811. The claim of the City of Buffalo is second to said claim and by virtue of the fact that the claim of the Internal Revenue Service is greater than the assets remaining in said estate, no payment will be made to the City of Buffalo.